**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**CHRISTINE P. O'HEARN**
UNITED STATES DISTRICT JUDGE

MITCHELL H. COHEN BUILDING &
U.S. COURTHOUSE
4TH & COOPER STREETS
ROOM 6050
CAMDEN, NJ 08101
856-757-5167

March 16, 2026

**VIA CM/ECF**
**Thomas Sinclair**
O'BRIEN, BELLAND & BUSHINSKY, LLC
509 S. Lenola Road, Building 6
Moorestown, NJ 08057

    *On behalf of Plaintiffs.*

**Steven W. Griegel**
ROSELLI GRIEGEL LOZIER & LAZZARO PC
1337 Highway 33
Hamilton, NJ 08690

    *On behalf of Defendant.*

<u>**LETTER ORDER**</u>

Re:    ***Trustees of the IBEW Local Union 400 Pension, Welfare, Annuity, and Auxiliary Benefit and Education Funds et al. v. Oliver Communications Group, Inc.***
<u>**Civil Action No. 25-01803**</u>

Dear Counsel:

    This matter comes before the Court on a Motion for Default Judgment filed by Plaintiffs Trustees of the IBEW Local Union 400 Pension, Welfare, Annuity, Auxiliary Benefit, and Education Funds ("Plaintiff Trustees") and the International Brotherhood of Electrical Workers Local Union 400 ("Plaintiff Union" and collectively, with Plaintiff Trustees, "Plaintiffs"), as well as a Cross-Motion to Vacate the Entry of Default filed by Defendant Oliver Communications Group, Inc. ("Defendant"). (ECF Nos. 15, 18). The Court did not hear oral argument pursuant to Local Civil Rule 78.1. For the reasons that follow, Plaintiffs' Motion for Default Judgment is **GRANTED IN PART** and **DENIED IN PART** and Defendant's Cross-Motion to Vacate the Entry of Default is **GRANTED**.

    **I.**    **Background**

    Plaintiff Trustees are trustees of a multiemployer employee benefit plan and act as

fiduciaries of the IBEW Local Union 400 Pension, Welfare, Annuity, and Auxiliary Benefit and Education Funds ("Funds") and bring this action on behalf of the Funds' participants and beneficiaries. (Compl., ECF No. 1 at ¶¶ 7–8, 10, 13). Plaintiff Union is an unincorporated labor organization and represents employees working in the electrical construction industry. (*Id.* at ¶ 14). Defendant is an employer in the industry and, at all relevant times, was party to a collective bargaining agreement ("CBA") with Plaintiff Union. (*Id.* at ¶¶ 17, 20).

Under the CBA and the incorporated trust agreements governing the Funds, Defendant was required to, among other things, remit fringe benefit contributions to the Funds on behalf of covered employees and deduct union dues checkoffs and other authorized payments from employees' wages and transmit those amounts to the Union. (*Id.* at ¶¶ 21–24). According to the Complaint, a payroll compliance audit covering the period from January 1, 2015 through December 31, 2017 revealed that Defendant failed to remit required fringe benefit contributions owed under the CBA and governing trust documents. (*Id.* at ¶¶ 27–28). Plaintiffs allege that, despite demands for payment, Defendant has not paid the delinquent contributions identified by the audit and has also failed to transmit certain union dues checkoffs and Committee on Political Education contributions deducted from employees' wages. (*Id.* at ¶¶ 29, 34–36).

On March 11, 2025, Plaintiffs filed the Complaint, seeking recovery of unpaid contributions, interest, liquidated damages, and attorneys' fees pursuant to the Employee Retirement Income Security Act ("ERISA"), the Labor Management Relations Act ("LMRA"), and the governing agreements. (*Id.*). The Summons was issued the following day, and on March 21, 2025, Defendant was served with the Summons and Complaint. (ECF Nos. 4, 5). After Defendant failed to respond within the time permitted under the Federal Rules of Civil Procedure, Plaintiffs requested entry of default. (ECF No. 6).

On July 10, 2025, Defendant moved to vacate the Clerk's entry of default and submitted a proposed answer with its motion. (ECF No. 7). On July 24, 2025, the Court granted the motion as unopposed, vacated the entry of default, and ordered Defendant to file an answer within fourteen days. (ECF No. 9). After Defendant did not file an answer within that time, the Court issued a subsequent text order directing Defendant to file an answer by September 11, 2025. (ECF No. 11). Defendant again failed to file an answer, and Plaintiffs thereafter sought a second entry of default. (ECF No. 14). The Clerk entered default against Defendant on September 30, 2025. Plaintiffs then filed the pending Motion for Default Judgment on November 13, 2025. (ECF No. 15).

On December 23, 2025, Defendant filed a Cross-Motion to Vacate the Entry of Default and for Leave to File an Answer. (ECF No. 18). In support of the cross-motion, Defendant contends that its failure to timely file an answer was not willful but instead resulted from issues with counsel's receipt of electronic filing notifications through the Court's CM/ECF system. Defendant asserts that counsel believed a proposed answer submitted with the earlier motion to vacate constituted the operative pleading and did not realize that the Court required a separately filed answer. (Griegel Cert., ECF No. 18-2 at ¶¶ 2–3). Defendant further represents that counsel stopped receiving certain PACER notifications around the same time his firm implemented multi-factor authentication changes, which allegedly prevented him from becoming aware of the Court's

subsequent orders requiring an answer. (*Id.* at ¶ 4). Defendant therefore argues that the entry of default should be vacated because the delay was inadvertent, Plaintiffs will not suffer prejudice if the case proceeds on the merits, and Defendant has potentially meritorious defenses to the claims asserted in the Complaint.

Plaintiffs opposed the cross-motion and, in their reply brief filed February 10, 2026, reiterated their request that the Court enter default judgment. (ECF No. 21 at 6–10). In the alternative, Plaintiffs argued that if the Court were inclined to vacate the entry of default, it should condition that relief on Defendant paying the attorneys' fees and costs Plaintiffs incurred in repeatedly seeking entry of default, submitting related correspondence to the Court, and litigating the motion for default judgment. (*Id.* at 10–11). In response to that request, the Court entered a text order directing Defendant to file a submission addressing whether it opposed the imposition of attorneys' fees and costs. (ECF No. 22). Defendant thereafter filed a brief opposing sanctions on March 10, 2026. (ECF No. 23).

## II.    Legal Standard

Federal Rule of Civil Procedure 55(c) allows the court to "set aside an entry of default for good cause." In the Third Circuit, the standard for vacating an entry of default under this rule involves the consideration of three primary factors: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (citations omitted); *see also Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982) (explaining that motions to vacate entry of default and motions to vacate entry of default judgment consider the same factors but "[l]ess substantial grounds may be adequate for setting aside a default than would be required for opening a judgment").

Although these factors must be viewed under the totality of the circumstances, the Third Circuit has repeatedly shown that the second factor regarding a defendant's meritorious defense is the threshold issue in deciding whether to vacate an entry of default. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984). Additionally, recent cases discuss a fourth factor involving the effectiveness of alternative sanctions. *See*, *e.g.*, *Mrs. Ressler's Food Prods. v. KZY Logistics, LLC*, 675 F. App'x 136, 140 (3d Cir. 2017) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987)). This factor is considered when evaluating a motion to vacate an entry of default, however, it does not outweigh the other three factors listed above. *Id.* at 137.

## III.    Discussion

Evaluating these factors based on the circumstances here, the Court finds that (1) vacating the entry of default will not unduly prejudice Plaintiffs; (2) Defendant has asserted a meritorious defense; (3) Defendant was at least partially culpable for the events leading to the entry of default, though that culpability appears limited and not willful; and (4) alternative sanctions are available to address the delay and remedy any prejudice to Plaintiffs. Even though factor three weighs against granting Defendant's Motion to Vacate, based on the totality of the circumstances, the

Motion will nonetheless be granted because factors one, two, and four weigh in favor of doing so. Further, although Defendant bears some responsibility for failing to timely file an answer after the Court's orders directing it to do so, the record suggests that the default was largely attributable to issues related to counsel's receipt of CM/ECF notifications and a mistaken belief that the previously submitted proposed answer constituted the operative pleading. As a result, Defendant's conduct does not rise to the level of willful or bad-faith disregard of the Court's orders.

As noted by many courts, motions to vacate an entry of default are generally granted because of the emphasis on cases being decided on their merits and resolving cases based on their substantive issues rather than procedural defaults. *Hewlett v. Davis*, 844 F.2d 109, 113 (3d Cir. 1988). While this decision is at the discretion of the district court, the Third Circuit requires that "doubtful cases [] be resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on their merits.'" *$55,518.05 in U.S. Currency*, 728 F.2d at 194–95 (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951)). Here, considering the totality of the circumstances—including the absence of meaningful prejudice to Plaintiffs and the preference for resolving disputes on their merits—the Court concludes that vacatur of the default is appropriate. For all these reasons, the Motion to Vacate will be granted.

### A. Plaintiffs Will Not Be Unduly Prejudiced if the Default is Vacated

When deciding whether to grant a motion to vacate an entry of default, it is important to determine if doing so would cause undue harm or disadvantage to the plaintiff. In making this determination, the Court considers "the loss of available evidence, the increased potential for fraud or collusion, and the plaintiff's substantial reliance on the default." *Choice Hotels Int'l, Inc. v. Pennave Assocs., Inc.*, 192 F.R.D. 171, 174 (E.D. Pa. 2000) (citing *Feliciano*, 691 F.2d at 657).

Here, there is no indication that vacating the entry of default would result in the loss of evidence, increased risk of fraud or collusion, or any similar litigation disadvantage. Rather, Plaintiffs first argue that they will be prejudiced if the default is vacated because they would be left without a means to vindicate their claims. (Reply, ECF No. 21 at 9 (citing *Tryg Ins. v. C.H. Robinson Worldwide, Inc.*, No. 15-5343, 2017 WL 11491955, at *3 (D.N.J. Nov. 28, 2017)). That argument is unpersuasive. Such prejudice typically arises when a defendant fails to respond entirely and a plaintiff is deprived of any avenue to obtain relief. That is not the situation here. Defendant has appeared, filed a cross-motion, and seeks leave to file an answer so that the case may proceed on the merits. Moreover, a plaintiff merely being required "to litigate an action on the merits rather than proceed by default does not constitute prejudice." *Choice Hotels Int'l, Inc.*, 192 F.R.D. at 174 (citing *Duncan v. Speach*, 162 F.R.D. 43, 45 (E.D. Pa. 1995)).

Plaintiffs next argue that they have been prejudiced because they have expended time and resources filing multiple requests for entry of default and litigating the pending Motion for Default Judgment. (Reply, ECF No. 21 at 9–10). While the Court recognizes that Plaintiffs incurred additional costs as a result of Defendant's failure to timely file an answer, those expenditures do not constitute the type of litigation prejudice that warrants maintaining a default. As discussed in

Section III.D, other sanctions are available to address that issue, including an award of attorneys' fees.

### B. Defendant Has Meritorious Defenses

The meritorious defense factor is a threshold issue in deciding whether to grant or deny a motion to vacate an entry of default. *Hritz*, 732 F.2d at 1181. Under this factor, the allegations of the defendant's answer, if established at trial, must constitute a complete defense to the action. *Tozer*, 189 F.2d at 244. The defendant's answer must allege specific facts beyond simple denial or conclusory statements, such that if they were accepted as true, they would negate the claims against the defendant. *$55,518.05 in U.S. Currency*, 728 F.2d at 195. Without a meritorious defense, there would be no point in vacating an entry of default because the defendant would have no likely basis to succeed at trial. *Id*. Although the standard is "'more stringent' than that normally required for an answer to a complaint," a defendant's answer is not required to be in such detail as to meet "summary judgment standards." *Mrs. Ressler's Food Prods.*, 675 F. App'x at 141 (quoting *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988); *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 869 (3d Cir. 1984)).

Defendant asserts that it has a meritorious defense because it disputes the extent of the alleged delinquent contributions identified by Plaintiffs' audit and contends that the amounts owed, if any, remain to be determined. (Mot. to Vacate, ECF No. 18-1 at 2–3). At this stage, the Court does not evaluate the ultimate validity of those defenses; rather, it considers only whether the proffered defenses are facially plausible. *Feliciano*, 691 F.2d at 657. Plaintiffs do not meaningfully contest this factor. Accordingly, the Court finds that Defendant has asserted a potentially meritorious defense, and this factor weighs in favor of vacating the default.

### C. The Entry of Default was Largely Not the Result of Culpable Conduct by Defendant

The Court next considers whether Defendant's conduct was culpable. Culpable conduct is conduct that is willful or in bad faith, and more than mere knowledge and negligence must be demonstrated. *Hritz*, 732 F.2d at 1182–83. This also includes situations where the defendant has shown reckless disregard for repeated communications from plaintiffs and the court. *Id*. at 1183.

Here, Defendant attributes its failure to timely file an answer to issues with counsel's receipt of CM/ECF notifications and a mistaken belief that the previously submitted proposed answer constituted the operative pleading. (ECF No. 18-2). While these explanations do not demonstrate bad faith, Defendant should have exercised greater diligence in monitoring the docket and ensuring that an answer was filed after the Court's orders directing it to do so. Accordingly, the Court finds that Defendant bears some responsibility for the events leading to the entry of default, though the conduct does not appear egregious. Under these circumstances, the Court

concludes that this factor weighs slightly against vacatur, but not strongly so.[1]

### D. Effective Alternative Sanctions are Available

In evaluating the fourth factor, the Court must determine whether there are effective alternative sanctions. *Paris v. Pennsauken Sch. Dist.*, No. 12-7355, 2013 WL 4047638, at *5 (D.N.J. Aug. 9, 2013). Default judgment is a drastic sanction and should be a last resort. *Id*. Thus, courts will seek out lesser sanctions that allow the case to be decided on its merits while still deterring bad conduct. *Nat'l Specialty Ins. Co. v. Papa*, No. 11-2798, 2012 WL 868944, at *6 (D.N.J. Mar. 14, 2012).

Here, Plaintiffs request that, if the Court vacates the entry of default, it condition that relief on Defendant paying the attorneys' fees and costs Plaintiffs incurred in repeatedly seeking entry of default and litigating the pending Motion for Default Judgment. (Reply, ECF No. 21 at 10–11). Defendant opposes that request but cites no authority supporting its position. (ECF No. 23).

The Court finds that an award of attorneys' fees is an appropriate and effective alternative sanction under these circumstances*. See, e.g., DeJesus v. Kids Acad., Inc.*, No. 18-13822, 2020 WL 7383187, at *6 (D.N.J. Dec. 16, 2020) (citations omitted) (explaining that alternative sanctions may include the imposition of costs or attorney fees*); see also D'Agostine v. United Hosp. Supply Corp.*, No. 96-168, 1996 WL 417266, at *3 (E.D. Pa. July 23, 1996) (compensatory damages in the form of attorneys' fees appropriate where default resulted from "procedural mishap" and plaintiff was forced to incur costs and fees).

Defendant's failure to timely file an answer required Plaintiffs to expend additional time and resources pursuing entries of default, submitting related correspondence to the Court, and briefing the present motion practice. While Defendant argues that sanctions are unwarranted because counsel believed he was still receiving CM/ECF notifications and therefore had no reason to suspect that notices in this case were not being delivered, attorneys practicing in this District remain responsible for monitoring the docket in their cases and ensuring compliance with court orders. The possibility that notifications were intermittently received or affected by technical issues does not fully excuse the failure to recognize that an answer had not been filed and the case was not progressing. Even accepting counsel's representation that he believed notices were still being received, the absence of any activity typically associated with the early stages of litigation should have prompted inquiry. Reasonable diligence would have revealed that no operative answer had been filed and that further action was required.

Therefore, conditioning vacatur on the payment of reasonable attorneys' fees remedies the prejudice caused by Defendant's delay while allowing the case to proceed on the merits.

---

[1] The Court notes that while Plaintiffs cite to *Ragguette v. Premier Wines & Spirits*, 691 F.3d 315 (3d Cir. 2012) for the proposition that failure to monitor the Court's ECF system does not constitute excusable neglect, that case involved the filing of a notice of appeal rather than a motion to vacate default. Accordingly, the Court does not find this case wholly persuasive.

Accordingly, this factor weighs in favor of vacating the default subject to the imposition of attorneys' fees.

### IV.     Conclusion

For the foregoing reasons, Defendant's Motion to Vacate Default, (ECF No. 18), is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court's entry of default, dated September 30, 2025, is **VACATED**; and it is further

**ORDERED** that the Clerk of the Court shall **REOPEN** this action, and Defendant shall file an answer or otherwise move in response to the Complaint within twenty-one (21) days; and it is further

**ORDERED** that Plaintiffs' Motion for Default Judgment is **GRANTED IN PART** and **DENIED IN PART**. (ECF No. 15). Plaintiffs' request for default judgment is **DENIED**. Plaintiffs' request for attorneys' fees and costs incurred in seeking entry of default and litigating the pending Motion for Default Judgment is **GRANTED**; and it is further

**ORDERED** that, within fourteen (14) days of the date of this Order, Plaintiffs shall submit an affidavit or certification of counsel setting forth the attorneys' fees and costs incurred in connection with (1) seeking entry of default and (2) litigating the Motion for Default Judgment, including contemporaneous billing records supporting the amounts requested, along with a proposed form of order specifying the total amount of fees and costs sought; and it is finally

**ORDERED** that Defendant may file any objections to Plaintiffs' fee application within seven (7) days of Plaintiffs' submission.

**SO ORDERED**.

_Christine P. O'Hearn_
**CHRISTINE P. O'HEARN**
**UNITED STATES DISTRICT JUDGE**

7